**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| Sara Bolin, *on behalf of herself and all others similarly situated*, | : : : Civil Action No.: _____ |
| Plaintiff, | : : |
| v. | : : |
| Amcol Systems, Inc. d/b/a Rickman & Rickman; and DOES 1-10, inclusive, | : **CLASS ACTION COMPLAINT** : : |
| Defendants. | : : |

For this Complaint, Plaintiff, Sara Bolin, by and through her undersigned counsel, pleading in her own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION

1. Plaintiff, Sara Bolin ("Plaintiff") files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by Defendant, Amcol Systems, Inc. d/b/a Rickman & Rickman.  Defendant conducts its debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by engaging in debt collection under a false name and without providing explicitly required consumer notifications on its collection letters.

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against Defendant arise under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sara Bolin ("Plaintiff"), is an adult individual residing in St. James, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Amcol Systems, Inc. ("Amcol"), is a South Carolina business entity with an address of 111 Lancewood Road, Columbia, South Carolina 29210, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Amcol and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Amcol at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Mercy Clinic (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Amcol for collection, or Amcol was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendant Engages in Deceptive and Illegal Debt Collection

12. In January of 2016, Plaintiff received a letter dated January 7, 2016 (the "Letter") from "Rickman & Rickman" seeking to collect the Debt.  A copy of the Letter is attached hereto

as Exhibit A.

13.    The Letter lists the "Original Creditor" as "St Johns Regional Health Center," the prior name of the Creditor.

14.    The Letter was the first correspondence received by Plaintiff regarding the Debt from "Rickman & Rickman."

15.    Plaintiff received no further written notice from Rickman & Rickman within five days of the Letter.

16.    The Letter does not contain a statement advising the consumer of its right to dispute the validity of the debt within thirty days of the receipt of the Letter.

17.    The Letter does not contain a statement advising the consumer that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and that a copy of such verification or judgment will be mailed to the consumer by the debt collector.

18.    Instead, the letter advises that "If the payment needs to be sent via courier, please remit certified funds via **OVERNIGHT** delivery . . . ."

19.    "Rickman & Rickman" is registered as a fictitious name of Amcol with the Missouri Secretary of State.

20.    There is no indication on in the Letter that Rickman & Rickman is actually Amcol.  Accordingly, the Letter deceives the least sophisticated consumer into believing that the consumer is being contacted by a company called Rickman & Rickman, not Amcol.

21.    Rickman & Rickman does not have a website for consumers to discover that it is actually Amcol.

22.     Amcol has a website: http://www.amcolsystems.com/.  There is no mention of its use of the Rickman & Rickman name on its website.

## CLASS ACTION ALLEGATIONS

### A.  The Class

23.     Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

24.     Plaintiff seeks to represent the class as defined as:

> **All consumers in the United States of America who were sent a letter in substantially the same form as the Letter by or on behalf of Defendant, within one year prior to the filing of this action and which was not returned as undeliverable.**

### B.   Numerosity

25.     The Letters are mass-mailed form letters. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

26.     Upon information and belief, Defendant sends or causes to be sent thousands of similar deceptive Letters consumers.

27.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendants' records.

28.     Plaintiff reasonably believes that there are thousands of consumers who are members of the class.

### C.  Common Questions of Law and Fact

29.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

30.     The questions of law and fact common to the class concern whether Defendant's

practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807 and 809 of the FDCPA.

31. The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a. Did Defendant violate 15 U.S.C. § 1692e(10) by engaging in the deceptive debt collection?

   b. Did Defendant violate 15 U.S.C. § 1692e(14) by using a name other than the true name of the debt collector's business, company, or organization?

   c. Did Defendant violate 15 U.S.C. § 1692g(a) by failing to notify consumers of their right to dispute the validity of the debt within thirty days?

**D. Typicality**

32. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

**E. Protecting the Interests of the Class Members**

33. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

34. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

35. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**F. Proceeding Via Class Action is Superior and Advisable**

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the

commencement of class actions as a principal means of enforcing the FDCPA.

37. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

38. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

39. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

40. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

41. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

44. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

45. The Defendant's conduct violated 15 U.S.C. § 1692e(14) in that Defendant used a false name to collect a debt.

46. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

47. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to notify Plaintiff and the class of their right to dispute the validity of the alleged debts.

48. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 28, 2016

          Plaintiff, Sara Bolin

          By: __/s/ Sergei Lemberg_____

          Sergei Lemberg, Esq.
          LEMBERG LAW, L.L.C.
          43 Danbury Road
          Wilton, CT 06897
          Telephone: (203) 653-2250

Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*